THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil File No: 5:06-CV-19-FL(2)

| | |
|---|---|
| TRIANGLE RESIDENTIAL DESIGNS, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| HAYNES & WELCH, INC.; MICHAEL HAYNES; CARL WELCH; D & L DESIGN GROUP, INC.; LORI M. LOWERY; COLUMBUS REAL ESTATE, INC.; PAUL SMITH; SOUTHLAND REALTY, INC.; SWEYER AND ASSOCIATES, INC.; PLEASANT REALTY & ASSOCIATES, LLC; AMELIA PLEASANT; BROWNING REALTY, INC.; ROBERT BROWNING; COLUMBUS REAL ESTATE CO., L.L.C.; CLASSIC REAL ESTATE & MARKETING, LLC; ASHLEY TURNER ENTERPRISES, INC.; ASHLEY TURNER BUILDING CO., INC.; ASHLEY TURNER DEVELOPMENT, L.L.C.; and WILLIAM ASHLEY TURNER d/b/a ASHLEY TURNER BUILDERS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **COMPLAINT** |
| Defendants. | ) |

## PARTIES

1. Triangle Residential Designs, Inc. ("TRD") is a North Carolina corporation with its principal place of business in Cary, North Carolina.

2. Haynes & Welch, Inc. is a North Carolina corporation with its principal place of business in Raleigh, North Carolina.

3. Michael Haynes and Carl Welch are citizens and residents of Raleigh, North Carolina. Upon information and belief, Michael Haynes and Carl Welch are owners, officers, and/or directors of Haynes & Welch, Inc. (Mr. Haynes and Mr. Welch, together with Haynes & Welch, Inc. shall be referred to as "Haynes and Welch"). Upon further information and belief,

Michael Haynes and Carl Welch control this entity and directed and/or were responsible for the accused activities complained of herein, and profited from such activities.

4. D & L Design Group, Inc. is a North Carolina corporation with its principal place of business in Clayton, North Carolina.

5. Lori M. Lowery is a citizen and resident of Clayton, North Carolina. Upon information and belief, Lori M. Lowery is an owner, officer, and/or director of D&L Design Group, Inc. (Ms. Lowery, together with D & L Design Group, Inc. shall be referred to as "D&L Design"). Upon further information and belief, Lori M. Lowery controls this entity and directed and/or was responsible for the accused activities complained of herein, and profited from such activities.

6. Columbus Real Estate Co., Inc. is a North Carolina corporation with its principal place of business in Garner, North Carolina.

7. Paul Smith is a citizen and resident of Garner, North Carolina. Upon information and belief, Paul Smith is an owner, officer, and/or director of Columbus Real Estate, Inc. (Mr. Smith, together with Columbus Real Estate, Inc. shall be referred to as "Columbus Inc."). Upon further information and belief, Paul Smith controls this entity and directed and/or was responsible for the accused activities complained of herein, and profited from such activities.

8. Southland Realty, Inc. ("Southland") is a North Carolina corporation with its principal place of business in Garner, North Carolina.

9. Sweyer and Associates, Inc. ("Sweyer Realty") is a North Carolina corporation with its principal place of business in Wilmington, North Carolina.

10. Pleasant Realty & Associates, LLC is a North Carolina limited liability corporation with its principal place of business in Garner, North Carolina.

11. Amelia Pleasant is a citizen and resident of Clayton, North Carolina. Upon information and belief, Amelia Pleasant is an owner, officer, and/or director of Pleasant Realty Ms. Pleasant, together with Pleasant Realty & Associates, LLC shall be referred to as "Pleasant Realty"). Upon further information and belief, Amelia Pleasant controls this entity and directed and/or was responsible for the accused activities complained of herein, and profited from such activities.

12. Browning Realty, Inc. ("Browning Realty") is a North Carolina corporation with its principal place of business in Raleigh, North Carolina.

13. Robert Browning is a citizen and resident of Raleigh, North Carolina. Upon information and belief, Robert Browning is an owner, officer, and/or director of Browning Realty. Upon further information and belief, Robert Browning controls this entity and directed and/or was responsible for the accused activities complained of herein, and profited from such activities.

14. Columbus Real Estate Co., L.L.C. ("Columbus LLC") is a North Carolina corporation with its principal place of business in Clayton, North Carolina.

15. Classic Real Estate & Marketing, LLC is a North Carolina corporation with its principal place ob business in Garner, North Carolina.

16. Ashley Turner Enterprises, Inc. is a North Carolina corporation with its principal place of business in Clayton, North Carolina.

17. Ashley Turner Building Co., Inc. is a North Carolina corporation with its principal place of business in Garner, North Carolina.

18. Ashley Turner Development, LLC is a North Carolina limited liability company with its principal place of business in Garner, North Carolina.

19. Upon information and belief, William Ashley Turner ("Ashley Turner") is an owner, officer, and/or director of Ashley Turner Enterprises, Inc.; Ashley Turner Building Co., Inc.; and Ashley Turner Development, L.L.C. Upon further information and belief, Ashley Turner controls these entities and directed and/or was responsible for the accused activities complained of herein, and profited from such activities. Upon information and belief, Ashley Turner also does business as Ashley Turner Builders.

## JURISDICTION AND VENUE

20. This is an action for copyright infringement. The Court has subject matter jurisdiction under 28 U.S.C. § 1338 and 17 U.S.C. §§ 501 et seq.

21. Defendants have regularly engaged in business and reside in this judicial district. The Court has personal jurisdiction over the defendants. Venue is proper in this district pursuant to 28 U.S.C §§ 1400 and 1391.

## FACTS

22. TRD designs homes and sells home plans.

23. In 1995, TRD purchased all of the assets from Carolina Home Plans of Raleigh, Inc. ("CHP"). The assets purchased included all of the home plans and designs owned by CHP. As part of the purchase, CHP assigned all copyrights in its home plans and designs to TRD. TRD and CHP are referred to collectively herein as Plaintiff.

24. Ashley Turner, a builder in the Carolinas and a customer of TRD, had access to and purchased home designs from Plaintiff. Plaintiff's designs were marked with notices of copyright.

25. As part of each sale of a set of plans to Defendant Turner, Ashley Turner Enterprises, Ashley Turner Building, and Ashley Turner Development ("Turner Defendants"),

plaintiff authorized Turner Defendants to use the plans to build a single structure. If Turner Defendants wanted to build multiple structures from Plaintiff's designs, they were required to pay additional licensing fees.

26. In January 2005, Plaintiff learned that since approximately 1998, the Turner Defendants used Plaintiff's designs and derivatives of Plaintiff's designs to construct homes in several counties in North Carolina and South Carolina without Plaintiff's permission.

27. In or about 1993, CHP created an architectural work identified as 1697 The Charlotte ("the Charlotte Plan").

28. TRD is the owner of the copyright in the Charlotte Plan by virtue of the assignment from CHP.

29. TRD obtained copyright registration number VA 1-236-370 for the Charlotte Plan, which is valid and subsisting. A copy of the registration and reduced copy of the deposit material is attached hereto as Exhibit A.

30. Turner Defendants purchased one or more copies of the Charlotte Plan from TRD.

31. Turner Defendants made copies of the Charlotte Plan without permission from TRD.

32. Upon information and belief, Turner Defendants hired Haynes and Welch to redraw the Charlotte Plan without permission from Plaintiff.

33. Upon information and belief, Columbus Inc., Southland Realty, Sweyer and Associates, Pleasant Realty, Browning Realty, and Columbus LLC ("Realty Defendants") infringed plaintiff's copyrights by and in the course of marketing and selling homes constructed based on the Charlotte Plan or an unauthorized derivative.

34. In 1993, CHP created an architectural work identified as the 1453-11.

35. TRD is the owner of 1453-11 by virtue of assignment.

36. TRD obtained copyright registration number VA 1-325-261 for the 1453-11, which is valid and subsisting. A copy of the registration and reduced copy of the deposit material is attached hereto as Exhibit B.

37. Turner Defendants obtained one or more copies of the 1453-11 from TRD.

38. Turner Defendants made copies of the 1453-11 without TRD's permission.

39. Upon information and belief, Turner Defendants hired D&L Design to copy the 1453-11 without permission from TRD.

40. Upon information and belief, Realty Defendants marketed and sold homes constructed based on the 1453-11 or an unauthorized derivative.

41. Upon information and belief, both Haynes and Welch and D&L Design ("Design Defendants") have redrawn numerous homes designs owned by TRD without TRD's permission.

42. Plaintiff applied for additional federal copyright registrations for these additional architectural works.

43. Upon information and belief, Realty Defendants marketed and sold hundreds of homes constructed based on Plaintiff's architectural works copyrights, without Plaintiff's permission, in addition to those referenced above, to include the copyrighted works protected by United States Copyright Registration Numbers VA 1-316-254, VA 1-316-259, VA 1-316-252, VA 1-316-260, VA 1-316-262, VA 1-317-051, VA 1-317-047, VA 1-316-261, VA 1-316-253, VA 1-316-257, VA 1-317-049, VA 1-316-256, VA 1-311-604, VA 1-330-986, VA 1-303-637, VA 1-316-255, VA 1-317-050, VA 1-316-258, and VA 1-317-048, as well as works for which application has been made.

44. Upon information and belief, Turner Defendants worked with additional real estate listing companies and agents, to be identified through discovery, who have marketed, brokered, and sold the accused architectural works. The identities of these agents and brokers will be identified through discovery.

## FIRST CLAIM
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501 ET SEQ.

45. Plaintiff realleges paragraphs 1 – 44.

46. Defendants had access to Plaintiff's architectural works, to include without limitation those referenced above.

47. Defendants did not seek or obtain the consent of Plaintiff to redraft, modify, or copy Plaintiff's architectural works.

48. Design Defendants copied Plaintiff's home designs without Plaintiff's permission.

49. Design Defendants redrafted and sold home designs based on Plaintiff's home designs.

50. Turner Defendants copied Plaintiff's designs and derivatives of Plaintiff's designs without Plaintiff's permission.

51. Turner Defendants constructed and sold homes based on Plaintiff's designs.

52. Realty Defendants marketed, brokered, and sold numerous homes based on Plaintiff's architectural works without Plaintiff's consent.

53. Defendants' copying and use of the Plaintiff's architectural works constitutes infringement of TRD's copyrights. Defendants directly and/or by contribution infringed TRD's exclusive rights in its copyrighted works under 17 U.S.C. § 106.

54. Defendants' infringement was willful.

## SECOND CLAIM
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. §§ 1202 ET SEQ.

55. Plaintiff realleges paragraphs 1 – 54.

56. Without authority of Plaintiff, one or more Defendants intentionally removed copyright management information from a copy or copies of TRD' architectural designs (hereinafter referred to as "altered designs").

57. Defendants removed the copyright management information and distributed copies of the altered designs with the belief that such removal of the copyright information would induce, enable, or facilitate Defendants' use or reproduction of the altered designs.

58. Defendants willfully and intentionally removed Plaintiff's copyright management information from Plaintiff's copyrighted designs.

59. As a result of the removal of copyright management information by Defendants, Plaintiff has suffered actual damages, expenses, costs, and legal fees.

### PRAYER FOR RELIEF

Plaintiffs respectfully requests that:

A. Defendants, their employees, representatives, and agents be permanently enjoined from publishing, marketing, selling, or using TRD's architectural works or any designs substantially similar thereto;

B. An accounting be had of Defendants' profits earned in conjunction with the use of TRD's architectural works, to include without limitation from the sale of infringing homes;

C. The Court disgorge Defendants' ill-gotten profits to TRD;

D. The Court award Plaintiff punitive damages for Defendants' willful acts of infringement;

E.  The Court award any and all relief to which TRD may be entitled pursuant to the Copyright Act, 17 U.S.C. §§ 502, 503, 504, and 505;

F.  The Court award any and all relief available pursuant to the Copyright Act, 17 U.S.C. §1203, to include the maximum allowable statutory damages for removal of copyright management information;

G.  The costs of this action be taxed against Defendants; and

H.  The Court grant TRD such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

By: _____

**Coats & Bennett, P.L.L.C.**
**Attorneys for Plaintiff**

David E. Bennett
North Carolina State Bar No. 12,864
Anthony J. Biller
North Carolina State Bar No. 24,117
Rebecca Crandall
North Carolina State Bar No. 32,637
1400 Crescent Green, Suite 300
Cary, NC 27511
Telephone No.: (919) 854-1844
Facsimile No.: (919) 854-2084

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

EXHIBIT A

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER: **VA 1-236-370**

EFFECTIVE DATE OF REGISTRATION: FEB. 22 2005

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

## 1

**Title of This Work ▼**
1697 The Charlotte (constructed 12/1993)

**NATURE OF THIS WORK ▼** See Instructions
home design

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

## 2

**NAME OF AUTHOR ▼**
a  Carolina Home Plans

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of __United States__
    { Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes" see detailed instructions

**NOTE**
Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**Nature of Authorship** Check appropriate box(es)  **See Instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☒ Architectural work

b  **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
    { Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**Nature of Authorship** Check appropriate box(es)  **See Instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

## 3

a  Year in Which Creation of This Work Was Completed  * 1993   Year   in all cases.

b  Date and Nation of First Publication of This Particular Work
Month __June__  Day __8__  Year __1993__  approximately
__United States__  Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Triangle Residential Designs, Inc
975 Walnut St  Suite 242  Cary NC 27511

APPLICATION RECEIVED
FEB 22 2005
ONE DEPOSIT RECEIVED
FEB 22 2005
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
by assignment

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page

\*Creation and publication date verified by C O via telephone call to David Bennett on March 4, 2005  Dates on deposit refer to code revisions, not to changes in the architectural work drawings

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box ) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes  give Previous Registration Number ▼       Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

1676-11

b Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼
modified floor plan

**6**
a
b

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                              Account Number ▼

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

David E Bennett           1400 Crescent Green, Suite 300
Coats & Bennett, PLLC     Cary, NC 27511

b

Area code and daytime telephone number  ( 919 ) 854 1844       Fax number  ( 919 ) 854 2084
Email  dbennett@coatsandbennett com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  Triangle Residential Designs, Inc
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
David E Bennett                                                                      Date  2/17/05

Handwritten signature (X) ▼
x  *David Bennett*

Certificate will be mailed in window envelope to this address

Name ▼
David E  Bennett

Number/Street/Apt ▼
1400 Crescent Green  Suite 300

City/State/ZIP ▼
Cary, NC 27511

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office
101 Independence
Washington  D C

**9**










Case 5:06-cv-00019-FL Document 1-4 Filed 01/17/06 Page 16 of 17

